Summers, J.
It may be that in a proceeding to establish a lost will it is error to refuse permission to persons whose interest it may be to resist the probate, to cross-examine witnesses. In *422 the Missionary Society of the M. E. Church v. Ely et al., 56 Ohio St., 405-409, the judge writing the opinion says, respecting the statutes relating to the probate of wills, that they provide for bringing in the interested parties who are permitted to cross-examine the witnesses. But that question is not presented by the record. It was decided in Hollrah v. Lasance et al., 63 Ohio St., 58, that: “An order of the probate court admitting a paper to probate as a last will and testament is not reviewable on petition in error, though an order refusing to admit such paper to probate is reviewable.” If the court of common pleas acquired jurisdiction by; the appeal, its order finding and establishing the lost will was not reviewable upon petition in error in the circuit court. If the court of common pleas did not have jurisdiction upon appeal, then it was error in that court to find and establish the lost will, and the circuit court on petition in error would have jurisdiction to reverse the order of probate and to dismiss the appeal, so that the only question presented is whether an appeal lies to the court of common pleas from an order of the probate court refusing to find and establish a lost will in a proceeding pending before it for that purpose.
Section 5944 of the Revised Statutes is as follows: “The probate court shall have full power and authority to admit to probate, any last will and testament which such court may be satisfied was duly executed according to the provisions of the law upon the subject in force at the time of the execution of such last will and testament, and not revoked at the death of the testator, when such *423 original will has been lost, spoliated, or destroyed, subsequent to the death of such testator, or after the testator has become incapable of making a will-by reason of insanity, and it can not be produced in court in as full, ample, and complete a manner as such court now admits to probate last wills and testaments, the originals of which are actually produced -in court for probate.”
Section 5945 provides for notice; Section 5946 provides what and how testimony shall be taken, and Section 5947 provides: “If the court, upon such proof, shall be satisfied that such last will and testament was duly executed in the mode provided by the law in force at the time of its execution; that the contents thereof are substantially proved, and that the same was unrevoked at the death of the testator, and has been lost, spoliated or destroyed subsequent to the death of such testator, or his becoming incapable, as aforesaid, such court shall find and establish the contents of such will as near as the same can be ascertained, and cause the same and the testimony taken in the case to be recorded in said court,” and Section 5948 provides that the same effect shall be given to the will so established as would have been given to the original will when admitted to probate and record.
These sections of the Revised Statutes are derived from the wills act of 1852, 50 O. L., 297, Sections 47-51, and contain substantially the same provisions. These provisions, were first enacted in 1848, 46 O. L., 66, and then conferred the power upon the, court of common pleas. The constitution of 1851. directed that there should be es *424 tablished in each county in the state a probate court, and that it should have jurisdiction in probate and testamentary matters. The act of 1852 necessarily placed the original jurisdiction in such matters in the probate court.
Section 4 of the act of 1852, 50 O. L., 84, defining the jurisdiction and regulating the practice of probate courts, provided, “That in case the judge of probate shall refuse to admit any will of a deceased person to probate, the person or persons presenting the same for probate shall have the right to appeal from such decision to the court of common pleas of the proper county; and in all cases where any will of a deceased person shall be regularly admitted to probate, any persons shall have the right to contest the validity of said will, by filing his or her petition for that purpose in the court of common pleas of the proper county.” This act was repealed in 1853, 51 O. L., 167, by an act defining the jurisdiction and regulating the practice of probate courts. Section 22 of this act is as follows: “In case of the refusal to admit a will to probate, any person aggrieved thereby may appeal from such decision to the next term of the court of common pleas, by filing notice of his intention to appeal within ten days.” Section 23 • is as follows: “The person appealing shall procure and file in the court of common pleas a certified copy of the order of said probate court rejecting the will, and thereupon said appeal shall be deemed perfected.” These sections are incorporated in the Revised Statutes as Sections 5934 and 5935 and read as follows: “Sec. 5934. In case of the refusal to admit a will to probate, any *425 person aggrieved thereby may appeal from such decision to the next term of the court of common pleas, by filing notice of his intention to appeal within ten days.”
“Sec. 5935. The person appealing shall procure and file in the court of common pleas a certified cop}r of the order of said probate court, rejecting the will, together with the will, and thereupon said appeal shall be deemed perfected; and the court of common pleas, on the hearing, shall take testimony touching the execution of such will, and have the same reduced to writing; and the final order of the court of common pleas shall, together with the will and testimony so taken, be certified by the clerk to the probate court; and if by such order the will is admitted to probate, the will, order, and testimony shall be recorded in the probate court.”
It is contended that an appeal does not lie in the case of a lost will because the statute provides that the person appealing shall procure and file the will in the court of common pleas, and this is impossible where the will is lost or destroyed and where the probate court refuses to find and establish the same.
This requirement did not appear in the statutes until the revision in 1880. Before the establishment of the probate court the court of common pleas had jurisdiction to find and establish the contents of a lost will, as well as to admit a will to probate, and we are of opinion that the statutes prior to 1880 gave the right of appeal, when the probate court refused to find and establish a lost or spoliated will, • as well as when it refused to admit an existing will to probate. No reason is *426 suggested and none occurs to us why the legislature should make the discrimination, and if such had been its intention, it is hardly conceivable that it should be manifested only by a direction to file the will with the certified copy of the order of the probate court. That requirement must be interpreted as limited to cases in which a will is in existence. In Hollrah v. Lasance et al., 63 Ohio St., 58, supra, it is held, when the probate court found and established the contents of a lost will, that error did not lie, because the remedy is by contest, but if counsel’s contention is sound there could in such case be no contest, because it is impossible for the probate court to transmit the will to the common pleas court as Section 5936 directs.
The circuit court was without jurisdiction to reverse the judgment of the'court of common pleas, and its judgment is reversed and the petition in error in that court dismissed.

Reversed.

Si-iaucic, C. J., Price, Crew, Spear and Davis, JJ., concur.